UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21240-CV-WILLIAMS
(15-20544-CR-WILLIAMS)
MAGISTRATE JUDGE REID

ANTRON LANGSTON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

## REPORT OF MAGISTRATE JUDGE

Movant filed a *pro se* amended motion to vacate under 28 U.S.C. § 2255. [Cv-ECF No. 6]. Furthermore, through counsel, he filed a supplemental brief arguing that his conviction under 18 U.S.C. § 924(c) is invalid after *United States v. Davis*, 139 S. Ct. 2319 (2019). [Cv-ECF No. 38]. As discussed below, this conviction is invalid after *Davis* and *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019), though his remaining claims lack merit. Accordingly, the amended motion should be granted in part and denied in part.

### I.    Background

The following undisputed facts come from the "factual proffer supporting [movant's] guilty plea and the Presentence Investigation Report ('PSI')." *United States v. Langston*, 662 F. App'x 787, 788 (11th Cir. 2016) (per curiam).

> [Movant] and his codefendant, Dalton Armster, entered the One Stop Mini Mart, approached the counter, and asked for a pack of cigars. Armster clipped a magazine into a machine firearm, pointed the firearm at the store clerk, and ordered the clerk to give him all the money in the store's cash register. Simultaneously, [movant] jumped over the counter to get to the cash register. The store clerk immediately opened the register and put up his hands. [Movant] took approximately $5,000 in cash from the register and a Glock .22 caliber firearm located underneath a shelf by the register.

*Id.*

A grand jury indicted movant for: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (count one); (2) Hobbs Act robbery, in violation of § 1951(a) and 2; (3) brandishing a firearm during a crime of violence, in violation of § 924(c)(1)(A)(ii) and 2 (count three); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and 2 (count five). [Cr-ECF No. 7].

"Pursuant to a written plea agreement, [movant] pled guilty to Counts 1 and 3." *Langston*, 662 F. App'x at 789. His guilty plea was voluntary. *See id.* at 793 (finding the plea voluntary on direct appeal).

"At sentencing, [movant] did not object to the factual allegations or guidelines calculations in the PSI." *Langston*, 662 F. App'x at 790. "The district court adopted the PSI in its entirety and concluded that the advisory guidelines range for Count 1

was 33 to 41 months and that Count 3 carried a mandatory minimum 84-month sentence to be served consecutively to any other sentence imposed." *Id.* "The district court sentenced [movant] to 33 months' imprisonment as to Count 1 and a consecutive 84 months as to Count 3, for a total 117-month sentence." *Id.* at 791. "[Movant] did not object to the district court's findings of fact or the manner in which the sentence was pronounced." *Id.*

Movant appealed. [Cr-ECF No. 55]. Pertinently, he argued that the court erred in sentencing him to a consecutive 84-month term on the § 924(c) charge. *Langston*, 662 F. App'x at 793. He reasoned that "conspiracy to commit Hobbs Act robbery [count one] cannot serve as a predicate crime of violence under . . . § 924(c)(1)(A)(ii)[]" after *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* (internal quotation marks omitted).

*Johnson* held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates . . . due process." *Id.* at 2563. *Johnson* reasoned that the "residual clause . . . [was] unconstitutionally vague." *Id.* at 2557.

The Eleventh Circuit concluded that this alleged error was not plain. *Langston*, 662 F. App'x at 793-94. It reasoned that it was unsettled under Eleventh Circuit law whether *Johnson* applied to § 924(c)'s residual clause. *Id.* at 794. It also reasoned that it was unsettled whether conspiracy to commit Hobbs Act robbery qualified as a crime of violence under § 924(c)'s elements clause. *Id.*

The U.S. Supreme Court denied movant's certiorari petition. [Cr-ECF No. 69]. He then timely filed a § 2255 motion, [Cv-ECF No. 1], which he amended, [Cv-ECF No. 6].

He alleged that counsel ineffectively failed to argue that: (1) he was "actually innocent" because he allegedly never "brandished" the firearm under § 924(c)(1)(A)(ii); (2) his § 924(c) conviction was unconstitutional because conspiracy to commit Hobbs Act robbery is not qualifying crime of violence; (3) *Johnson* invalidated § 924(c)'s residual clause; and (4) conspiracy to commit Hobbs Act robbery is not a qualifying crime of violence under § 924(c)'s elements clause. [Cv-ECF No. 21 at 6-7].[1]

Relevant here, a magistrate judge issued a second report recommending that the amended motion be denied. *See generally* [*id.*]

Without ruling on the second report, the court stayed the case pending the U.S. Supreme Court's decision in *Davis*. [Cv-ECF No. 28]. *Davis* held that § 924(c)'s residual clause is "unconstitutionally vague." 139 S. Ct. at 2336.

The court then appointed counsel to brief whether movant's sentence was unconstitutional after *Johnson* and *Davis*. [Cv-ECF No. 32]. Counsel argued that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)

---

[1] All page citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

and, therefore, his § 924(c) conviction is invalid. [Cv-ECF No. 38 at 3-4]. The Eleventh Circuit later held that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause. *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (per curiam).

In its response, the government argues that the "uncontested facts in the factual proffer and PSI demonstrate that [movant] committed substantive Hobbs Act robbery, and [thus] establish [his] guilt as to [the] § 924(c) charge." [Cv-ECF No. 41 at 4]; *compare United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018) (Hobbs Act robbery is categorically a crime of violence under § 924(c)'s elements clause), *with United States v. White*, 806 F. App'x 936, 937 (11th Cir. 2020) (per curiam) ("*Davis* [] did not disturb § 924(c)'s elements clause." (citation omitted)).

## II.   Standard of Review

Generally, a movant may collaterally attack his sentence when it violates the Constitution or federal law, exceeds the maximum authorized by law, is imposed without jurisdiction, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations, internal quotation marks, and bracket omitted). Conviction of "an act that the law does not make

criminal" "inherently results in a complete miscarriage of justice." *See Davis v. United States*, 417 U.S. 333, 346 (1974); *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc).

### III. Legal Analysis

A. *Davis* Claim

A § 2255 movant "bear[s] the burden of showing that he is actually entitled to relief on his *Davis* claim, meaning he [must] show that his § 924(c) conviction resulted from application of solely the [unconstitutional] residual clause [in § 924(c)(3)(B)]." *In re Hammoud*, 931 F.3d 1032, 1041 (11th Cir. 2019) (citing *Beeman v. United States*, 871 F.3d 1215, 1222-25 (11th Cir. 2017); *In re Moore*, 830 F.3d 1268, 1271 (11th Cir. 2016)). That is, the movant must show "that it was more likely than not [that] he in fact was sentenced . . . [solely] under [§ 924(c)'s] residual clause." *See Beeman*, 871 F.3d at 1225; *see also In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) ("[T]he [§ 2255] movant . . . bears the burden of proving the likelihood that the jury based its verdict of guilty . . . solely on the [offense that is not a crime of violence under § 924(c)'s residual clause], and not also on one of the other valid predicate offenses identified in the count . . . ." (citing *Beeman*, 871 F.3d at 1222; *Moore*, 830 F.3d at 1272)).

Here, movant has shown that it is more likely than not that his conviction for conspiracy to commit Hobbs Act robbery (count one) was the sole predicate of his

§ 924(c) conviction (count three). Although the indictment alleged both conspiracy to commit Hobbs Act robbery and Hobbs Act robbery as the "crimes of violence" underlying his § 924(c) charge, [Cr-ECF No. 7 at 3], he pled guilty to only conspiracy to commit Hobbs Act robbery. [Cr-ECF No. 39 at 1]. Furthermore, during his plea colloquy, the court stated that, for him to be guilty of the § 924(c) charge, the government must prove beyond a reasonable doubt that he "committed the . . . crime of violence" "charged in Count 1." [Cv-ECF No. 18-1 at 7]; *see also Brown*, 942 F.3d at 1073 (finding that § 924(c) conviction was based solely on conspiracy to commit Hobbs Act robbery because, during plea colloquy, conspiracy to commit Hobbs Act robbery was characterized as the crime of violence underlying the § 924(c) charge). The government did not object to this finding, and "[n]owhere does the plea colloquy [or record] suggest [otherwise], despite the language of the indictment [predicating the § 924(c) charge also on Hobbs Act robbery]." *See id.* at 1073-74.

The Eleventh Circuit's decision on direct appeal supports the finding that the district court based the § 924(c) conviction solely on the conspiracy to commit Hobbs Act robbery charge. It made the same finding, stating that the elements of the § 924(c) charge were "that he committed conspiracy to commit Hobbs Act robbery, *a crime of violence*." *Langston*, 662 F. App'x at 793 (emphasis added). Similarly, it stated that the "district court did not indicate under which § 924(c)(3) clause

[elements or residual] *conspiracy to commit Hobbs Act robbery qualified as a crime of violence.*" *Langston*, 662 F. App'x at 794 (emphasis added). These statements strongly support the finding that conspiracy to commit Hobbs Act robbery was the sole predicate of the § 924(c) conviction.

To reiterate, *Davis* invalidated § 924(c)'s residual clause, and *Brown* held that conspiracy to commit Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause. 942 F.3d at 1075. Thus, "[b]ecause [count one] for conspiracy to commit Hobbs Act robbery is not a crime of violence and because [count three] was predicated solely on that count, [movant's] conviction for [count three] is invalid and must be vacated." *See id.* at 1076 (citation and internal quotation marks omitted).

The government unpersuasively contends that the "uncontested facts in the factual proffer and PSI demonstrate that [movant] committed substantive Hobbs Act robbery, and [thus] establish [his] guilt as to [the] § 924(c) charge." [Cv-ECF No. 41 at 4]. This argument ignores the burden of proof for a *Davis* claim, which, as applied here, is to show that it is more likely than not that the § 924(c) conviction was based solely on the conspiracy to commit Hobbs Act robbery charge. That the factual proffer establishes that movant committed Hobbs Act robbery does not preclude such a finding because he "pled guilty to a § 924(c)[] offense predicated only on conspiracy to commit Hobbs Act robbery." *See Brown*, 942 F.3d at 1074.

*In re Navarro*, 931 F.3d 1298 (11th Cir. 2019), does not dictate a different result. *Navarro* denied the applicant permission to file a *Davis* claim in a successive motion to vacate, concluding that his § 924(c) charge was "fully supported" because the factual proffer showed that he "committed the underlying [Hobbs Act robbery offense]." *Id.* at 1302 (citing *United States v. Frye*, 402 F.3d 1123, 1125 (11th Cir. 2005)). But, "[u]nlike here, the plea agreement in *Navarro* clarified that the § 924(c) charge was predicated on . . . drug-trafficking crimes" that "independently supported his § 924(c)[] conviction." *Brown*, 942 F.3d at 1074 (citation and internal quotation marks omitted); *see also* [Cr-ECF No. 39 at 1 (plea agreement)]. And, to reiterate, the government did not object to the court's representation during the plea colloquy that conspiracy to commit Hobbs Act robbery, the offense "the trial court adjudged [movant] guilty of," *Brown*, 942 F.3d at 1074, was the "crime of violence" that the government must prove to sustain his § 924(c) conviction, [Cv-ECF No. 18-1 at 7].

Accordingly, movant has shown that it is more likely than not that his § 924(c) conviction was based solely on conspiracy to commit Hobbs Act robbery, which does not qualify as a crime of violence under § 924(c)'s elements clause. And *Davis* invalidated § 924(c)'s residual clause. Thus, he has met his burden of showing that he is entitled to relief under § 2255 and *Davis*.

B.	Remaining Claims

Movant's remaining claims, *supra* p. 4, fail for the reasons in the second report, which the undersigned incorporates herein by reference, [Cv-ECF No. 21 at 8-16].

## IV.	Evidentiary Hearing

The court need not hold an evidentiary hearing. The undersigned could resolve movant's claims based on the "files and records of the case." *See generally* 28 U.S.C. § 2255(b); *see also Franklin v. United States*, 227 F. App'x 856, 860 (11th Cir. 2007) (per curiam) (district court did not abuse its discretion in failing to hold hearing under § 2255 when record was sufficient for court to resolve claim). Counsel has not asked for an evidentiary hearing.

## V.	Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a movant's constitutional claims on the merits, "[t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, a certificate of appealability should be granted on one issue:

> Whether a movant prevails under *Davis* when he pleads guilty only to an offense that is not a valid § 924(c) predicate and the record indicates that the court based his § 924(c) conviction on only the invalid predicate, but when the indictment alternatively predicates his § 924(c) charge on an offense that is a valid § 924(c) predicate and the record indicates that he committed that offense despite not pleading guilty to it.

## VI.  Recommendations

As discussed above, it is recommended that the amended motion to vacate [Cv-ECF No. 6] be **GRANTED IN PART AND DENIED IN PART**, with the following results:

1. Movant's conviction and sentence in count three should be VACATED.

2. A certificate of appealability should be GRANTED as specified above.

3. The remaining claims in the amended motion should be DENIED and a certificate of appealability should be DENIED for these claims.

4. The case should be CLOSED.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citations omitted).

SIGNED this 25th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Antron Langston
67137-019
Jesup FCI
Federal Correctional Institution
Inmate Mail/Parcels
2680 301 South
Jesup, GA 31599

Noticing FPD-MIA
305-530-7000
Email: MIA_ECF@FD.org

Adebunmi Lomax
Federal Public Defender
150 West Flagler Street, Suite 1700
Miami, FL 33130
305-533-4176
Email: bunmi_lomax@fd.org

Cary Oren Aronovitz
United States Attorney's Office
Southern District of Florida
99 NE 4th St
Miami, FL 33132
3059619131
Email: cary.aronovitz@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov